### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GARSITE/PROGRESS, LLC,** | ) |
| | ) |
| Plaintiff/Counterdefendant, | ) |
| | ) |
| v. | ) Case No. 13-2200-CM |
| | ) |
| **MELVIN PAUL,** | ) |
| | ) |
| Defendant/Counterclaimant. | ) |
| | ) |

### MEMORANDUM AND ORDER

This matter comes before the court on two motions by third party Michael Ellis to quash discovery subpoenas (Docs. 85 and 101). As explained in greater detail below, Ellis' motion to quash or modify the third-party subpoena served on him by plaintiff (Doc. 85) is GRANTED IN PART and DENIED IN PART. Ellis' motion to quash or modify the third-party subpoenas to others (Doc. 101) is DENIED.

### Background[1]

Plaintiff Garsite/Progress, LLC ("Garsite") is an assembler of aircraft refuelers, hydrant dispensers, pumper trucks and above-ground fuel storage tanks. Plaintiff's business is separated into three divisions: 1) Garsite, which manufactures trucks by purchasing the component parts from dealers; 2) Tri State Tank, which assembles tanks

---

[1] The facts in this section are taken from the parties' pleadings and briefs and should not be construed as judicial findings or factual determinations.

onto a chassis and sells the completed units; and 3) Progress Tanks, which manufactures and sells fuel tanks to distributors, including Garsite and Tri State. Defendant Melvyn Paul founded Garsite and Tri State, and although both companies were later sold, he remained as company president until 2011.

As a part of its business, plaintiff operates a "Chassis Program" by which it facilitates the sale of truck chassis to its distributor network and incentivizes the distributors to purchase trucks through a points-based vacation program. In October 2011, plaintiff reorganized the Chassis Program and retained defendant to direct the program as an independent contractor. Defendant's compensation included a base salary plus a percentage of each chassis sale for which plaintiff received a supplier rebate. However, on April 1, 2013 plaintiff provided defendant a 60-day notice of termination, blaming him for mismanagement of the Chassis Program. Plaintiff alleges that within days of that notice, defendant breached the non-compete clause of his Independent Contractor Agreement.

Plaintiff accuses defendant of assisting Stephen Paul (his son), and Michael Ellis (his former business partner),[2] to replicate plaintiff's Chassis Program for plaintiff's competitors, SkyMark and FlowMark. Plaintiff maintains that defendant transferred its ideas and materials to the competitors' "Truck Program" and filed this case to enforce the non-compete clause. Defendant denies competing with plaintiff and counterclaims that

---

[2] Stephen Paul is the Chief Executive Officer of SkyMark and FlowMark. Michael Ellis is the Chief Financial Officer of both companies. *See* Paul Dep., pp. 19-26, attached as Ex. 1 to Movant's Reply, Doc. 117.

he was improperly classified as an independent contractor and that plaintiff miscalculated his pay.

## I.     Third-Party Motion to Quash Subpoena (Doc. 85)

Consistent with Fed. R. Civ. P. 45, plaintiff served third party Michael Ellis with a subpoena on June 4, 2014 requiring his appearance at deposition and seeking 20 categories of documents regarding the business activities and financial positions of competitors SkyMark and FlowMark.  Ellis is Chief Financial Officer of both entities.  After conference between counsel, plaintiff and Ellis agreed to stay further action on the subpoena pending the outcome of mediation in July 2014.  After that mediation was unsuccessful, plaintiff reissued its subpoena and Ellis filed his first motion.

Ellis asks the court to quash the document subpoena in its entirety, arguing that confidential marketing and sales materials, financial statements and tax returns of plaintiff's competitors are not relevant to issues in this case, and that the non-party status of Ellis "tips the balance toward quashing the subpoena."  Ellis also requests that the court narrow the scope of his deposition to exclude testimony about the confidential commercial information of SkyMark/FlowMark.

Plaintiff asserts that the information is "highly relevant" to both its non-compete claims and its claims for damages.  Through discovery, plaintiff has obtained email exchanges among defendant, his son, and Ellis which reveal that defendant reviewed marketing materials and the website for the Truck Program at SkyMark/FlowMark.  Defendant admitted to accompanying Ellis on business lunches with prospective

customers of the Truck Program. Plaintiff believes that defendant's actions have resulted in lost sales to plaintiff and that relevant financial information from SkyMark/FlowMark will show increased sales to those competitors and therefore form the basis of plaintiff's claim for damages. Plaintiff argues that any concerns about confidentiality are adequately addressed by the Protective Order currently in place. Defendant has taken no position regarding the enforcement of the subpoena.

### A.     Production of documents

Although Fed. R. Civ. P. 45(d)(3)(B)(i) permits a court to quash or modify a subpoena that requires disclosure of confidential trade secret or commercial information, the information does not enjoy an absolute privilege from disclosure.[3] The party opposing production bears the burden to establish that the information sought constitutes a trade secret or confidential information and that its disclosure could be harmful.[4] If the party satisfies that burden, the burden then shifts to the party seeking discovery to establish the information's relevance and necessity.[5] If the party establishes relevance and necessity, the court weighs the need for the information against any harm which could result from disclosure.[6]

---

[3] *Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc*., Case No. 01-2009-KHV-DJW, 2001 U.S. Dist. LEXIS 20153, at *3-*4 (D. Kan. Nov. 28, 2001) (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, Case No. 94-2304- EEO, 1995 WL 526533, *5 (D. Kan. Aug. 31, 1995)).
[4] *Id*. at *4 (citing *Centurion Indus. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981)).
[5] *Id*. (citing *Centurion Indus.*, 665 F.2d at 325).
[6] *Id*.

As the party resisting discovery, Ellis bears the burden to demonstrate that the information sought is both confidential and that "its disclosure will work a clearly defined and serious injury."[7] Although Ellis argues that that "information about the terms of sales is among the most competitively sensitive commercial information imaginable," he states simply that the confidential nature of the information is "self-evident" and he therefore "does not need to provide a detailed explanation of its confidentiality." This argument is conclusory and is therefore rejected.

Even assuming that Ellis could meet his burden, the burden would then shift to plaintiff to demonstrate relevance. The court finds that plaintiff has sufficiently demonstrated relevance for Request Nos. 1 – 6, which seek information specific to the Truck Program and its related Navistar Incentive Program. Although Ellis argues repeatedly that there is "no business relationship between defendant and either SkyMark or FlowMark" and defendant confirmed that during his deposition, the fact remains that defendant clearly communicated with representatives of those companies on multiple occasions, reviewed their marketing materials,[8] and accompanied Ellis on business lunches with prospective customers.[9] Defendant also personally contacted the Atlantis resort through which the Chassis Program offered its incentive program and requested that the program be transferred to SkyMark/FlowMark's Truck Program.[10] Defendant dismisses these communications as mere interest and claims that SkyMark/FlowMark

---

[7] *Stewart v. Mitchell Transp.*, Case No. 01-2546-JWL, 2002 WL 1558210, at *5 (D. Kan. July 11, 2002) (internal citations omitted).
[8] *See* Pl.'s Mem. Opp., Doc. 120, Exs. 6, 9, 10.
[9] *See* Pl.'s Mem. Opp., Doc. 120, Exs. 11,12; *see also* Doc. 120, Ex. 1, Paul Dep. at 313:9-17.
[10] *See* Pl.'s Mem. Opp., Doc. 120, at 6 and Ex. 14.

have "no interest whatsoever in this action." However, defendant's communication with representatives of the Truck Program on the specific topics of its customers and incentives create at least the minimal relevance necessary for discovery.[11] Ellis' motion to quash is DENIED as to Request Nos. 1-6.

Ellis' motion is GRANTED, however, as to Request Nos. 7-20. After Ellis filed his motion to quash, plaintiff offered to narrow its subpoena to Request Nos. 1-6. This is a reasonable compromise. Had plaintiff not narrowed its requests, the court would find that plaintiff failed to demonstrate relevance for the all-encompassing financial information sought in Request Nos. 7-20. Those requests seek tax returns and financial statements which demonstrate the financial positions of the non-parties as a whole, rather than narrowing the financial information to the specific programs at issue.

**B.     Scope of deposition**

As described above, Fed R. Civ. P. 45(d)(3)(B) provides that the court may modify a subpoena. For the reasons described above, Michael Ellis must appear for deposition as requested in the subpoena. However, his testimony shall be limited to his relationship and communications with the defendant and those specific topics included in Request Nos. 1 – 6.

---

[11] "[R]elevancy in the discovery phase of litigation is broadly construed, and will be considered relevant if "there is any possibility that the information sought may be relevant to the claim or defense of any party. Further, a request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." *Gov't Benefits Analysts, Inc. v. Gradient Ins. Brokerage, Inc.*, No. 10-CV-2558-KHV-DJW, 2012 WL 3238082, at *3 (D. Kan. Aug. 7, 2012)(internal citations omitted).

**IT IS THEREFORE ORDERED** that third party Michael Ellis' motion to quash (**Doc. 85**) is **GRANTED IN PART** and **DENIED IN PART**.  Ellis' motion is granted as to Request Nos. 7 through 20.  The motion is otherwise denied.  Ellis is ordered to appear for deposition and to produce at deposition those documents responsive to Request Nos. 1-6.  Plaintiff's deposition of Ellis shall be limited to his relationship and communications with defendant and those specific topics included in Request Nos. 1-6.  All marketing, sales and financial information shall be produced subject to the Protective Order (Doc. 121).

## II.     Third-Party Motion to Quash Third-Party Subpoenas to Others (Doc. 101)

In addition to its subpoena to Ellis, plaintiff served eight subpoenas on various distributors with whom plaintiff had done business through its Chassis Program, and who plaintiff believes are now doing business with SkyMark/FlowMark's Truck Program.[12] Ellis filed a motion to quash all eight third-party subpoenas and essentially repeats the arguments offered in his earlier motion (Doc. 85) regarding relevance and confidentiality. Plaintiff argues that the motion should be denied for Ellis' failure to confer prior to filing the motion and because Ellis lacks standing to object to subpoenas issued to other third parties.

---

[12]  Plaintiff served subpoenas to Westfall GMC Truck, Stew Hansen Dodge, Midwest Truck Sales, Midway Ford Truck, MHC Kenworth, Doonan Truck Equipment, KC Peterbilt, and Diamond International.

### A.     Compliance with D. Kan. Rule 37.2

Plaintiff argues that Ellis failed to confer prior to filing his motion as required by D. Kan. Rule 37.2.  Ellis contends that, given his earlier motion and the similarity of the issues set forth therein, any meet and confer on the same topics would have been futile.  Although plaintiff characterizes Ellis' most recent motion as a "complete shock," this response is disingenuous considering that plaintiff served its subpoenas to the distributors <u>after</u> Ellis filed his first motion to quash.[13]  In a hyper-technical sense, Ellis did not comply with D. Kan. Rule 37.2.  However, considering the history of discussions between Ellis and plaintiff on the topics in both motions, the court will consider the merits of Ellis's motion.

### B.     Standing

The general rule is that a motion to quash a subpoena must be filed by the party from whom discovery is sought.  One exception to this rule is when a non-party demonstrates a personal right or privilege in the information requested by the subpoena.[14]  Plaintiff and Ellis disagree about the application of this exception to a third-party movant seeking to quash a subpoena to another non-party.

The issue of a third party's standing to quash a subpoena to a separate non-party appears to be novel in this district.  In *Patel v. Snapp*, Magistrate Judge James P. O'Hara

---

[13] Ellis' motion to quash the subpoena directed to him (Doc. 85) was filed on August 19, 2014.  According to plaintiff's counsel, the subpoenas to the distributors were served "on or about August 20, 2014."  *See* Crimmins Decl., Doc. 126, Ex. 1, ¶ 2.

[14] *Smith v. Midland Brake, Inc*., 162 F.R.D. 683, 685 (D. Kan. 1995) (recognizing an exception "where the party seeking to challenge the subpoena has a personal right or privilege in the subject matter requested in the subpoena.")

found that third parties had standing to quash a subpoena to a non-party bank, concluding that the "non-parties clearly had a privacy interest in their financial information" where the information sought was the non-parties' bank records.[15]  Conversely, the Tenth Circuit in *S.E.C. v. Dowdell* (unpublished) found that because the third party had not been subpoenaed, was not a party to the action, and had not moved to intervene, he lacked standing to request a protective order.[16]  However, *Dowdell* is factually and legally distinguishable.  The Tenth Circuit did not squarely address the argument that the non-party requesting the protective order had standing because he was seeking to protect a right or privilege; rather, the court decided the issue on the "clear language of Rule 26(c)."[17]  Additionally, Ellis has also been subpoenaed separately and the documents requested from him are substantially similar to those requested from the distributors.

Courts disagree about the standing of a third party to challenge a subpoena directed to someone else.[18]  This court is not required to decide the standing issue in the context of this motion to quash.  Even if Ellis' motion were denied based on lack of standing, the end result would be the same.  Because the court denies the motion on other grounds described below, the court need not decide the procedural issue of standing.

---

[15] Case No. 10-2403-JTM, 2013 WL 5876435, at *2 (D. Kan. Oct. 31, 2013).
[16] *S.E.C. v. Dowdell*, 144 Fed. Appx. 716, 722-23 (10th Cir. 2005) (unpublished).
[17] *Id*. at 723.
[18] *See Pleasant Gardens Realty Corp. v. H. Kohnstamm & Co.*, No. CIV. 08-5582JHRJS, 2009 WL 2982632, at *4-5 (D.N.J. Sept. 10, 2009) (discussing cases finding that non-party movants had standing to bring a motion to quash a subpoena issued to another non-party and cases finding to the contrary).

### C. Relevance and Confidentiality

The standards by which the court reviews a motion to quash or modify under Fed. R. Civ. P. 45(d)(3) have been recited above and will not be repeated. Important to the consideration of this motion is that the information ordered produced in the previous discussion is virtually identical to that which Ellis seeks to quash in this motion. All requests to the non-party distributors are limited to the relationship between the distributors and the sale of chassis or trucks, either through the Truck Program or during the time period from April 2013 (the month of defendant's termination) to the present. Specifically, the financial information listed in Request Nos. 6-9 directly correlates to the financial records that Ellis has been ordered to produce above.[19] Additionally, the communications among the distributors and Ellis, the Truck Program, and defendant (Request Nos. 1-5) meet the minimum threshold of relevance because the information should provide the parties with evidence of whether the Truck Program was in existence prior to defendant's termination and the extent of defendant's involvement with the Truck Program.

Application of the standard of review results in the conclusion that Ellis has failed to demonstrate the confidentiality of the information requested. The majority of responsive documents will probably duplicate the information that will be produced by Ellis. Additionally, at least half of the customers have already produced responsive

---

[19] *Compare* Request Nos. 6-9 to the distributors *with* Request No. 3 to Ellis. Request No. 3 seeks sales of truck-chassis, including the identity of customers. *See* Doc. 86, Ex. 1.

information which is already in plaintiff's custody.[20] Even assuming that Ellis could meet his burden to show confidentiality, plaintiff has sufficiently demonstrated relevance for its requests.

**IT IS THEREFORE ORDERED** that Michael Ellis' motion to quash or modify the third-party subpoenas to others (**Doc. 101**) is **DENIED**. All eight non-parties shall respond to the subpoenas as directed. Documents provided as a result of those subpoenas shall be protected pursuant to the Protective Order (Doc. 121).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of November 2014.

s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[20] Plaintiff explains that half of the third parties have already produced documents responsive to the subpoenas. Three other non-parties requested additional time to comply, and only one company voiced concerns about needing SkyMark/FlowMark approval prior to production. *See* Crimmins Decl., Doc. 126, Ex. 1, at ¶¶ 3-7.

11